### IN THE

# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF NEW-JERSEY,

### AT FEBRUARY TERM, 1840.

---

#### WELLS ET AL. v. STACKHOUSE.

Motion for a mandamus in matter of appeal.

This court will not interfere by *mandamus*, where an unsuccessful application has been made to the court below, *purely to their discretion*, where they acted in perfect consistency with their own lawful rules of practice.

*J. H. Sloan* in support of motion.

*C. Moffat* contra.

HORNBLOWER, C. J.   By one of the rules of practice adopted by the Common Pleas of Burlington, it is provided, that "no appeal shall be deemed or taken to be in court, until, on the application of the appellant or his attorney, a rule of the court, is made for the entry of such appeal, which rule, when made, shall

be entered on the minutes of the court : and which rule may be applied for and made at any time during the term next succeeding the judgment appealed from ; *but if not so applied for, and made and entered*, the said appeal *shall be deemed and taken as not prosecuted by the appellant, without any further or other* rule for that purpose."

The appeal in this case, was returned to Nov. term, 1838, of the Common Pleas of Burlington, and as appears by the affidavit of Mr. Sloan, the attorney for the appellants, a rule for the entry of the appeal, was applied for by him, openly in court during that term, and an order was then made, that the appeal should be entered.    But Mr. Sloan having neglected to enter the rule or to cause it to be entered, the appeal was deemed and taken, by force of the above rule of practice, to be no further prosecuted by the appellants, and the attorney for the appellee, obtained an order at a subsequent term to prosecute the appeal bond.    At a special term in September last, of the Burlington Pleas, and after three regular terms had intervened, Mr. Sloan applied to the court for leave to enter the preliminary rule, *nunc pro tunc :* that motion was adjourned over to the regular term in November last, when it was refused by the court.    Mr. Sloan now moved for a mandamus to the Common Pleas, commanding them to permit such rule to be entered, and thus to restore the appeal and proceed therein according to law.    In my opinion this ought not to be done.    To say nothing about the lateness of the period, when the appellants applied for the restoration of the appeal, I think this is not a case in which we ought to interfere by mandamus, with the regular proceedings of the court below.— Whether the rule of practice, under which this question arises, was a necessary or convenient one, I am not prepared to say :— nor is there any occasion to express any opinion on that point. If it was not an *unlawful rule*, the Court of Common Pleas had a right, under the provisions of the practice act, to make it, and we ought not to interfere.    I see nothing unlawful in the rule ; and the only question is, whether the Common Pleas have acted according to, or in violation of it.

We have interfered by mandamus, in cases where the court below have acted contrary to, or in disregard of their own rules of practice ; or have evidently misapplied them to the case ; but

never, so far as I know, where the application below was *purely to the discretion* of the court, and they acted in perfect consistency with their own rules of practice, as the Common Pleas of Burlington have done in this case. As to the argument that it was the duty of the clerk to enter the rule, there is nothing in it. Undoubtedly it would have been the duty of the clerk to have done so, if the attorney had specially requested him to do it, and had furnished him with the materials or a proper memorandum, to enable him to enter such rule. To say nothing about the uniform practice in this and in every other court, so far as my experience extends, of every attorney entering, or attending to the entry of his own rules, I would ask, how it is possible that the clerk, in the hurry of business, while engaged at his table in performing other duties, can hear and understand, and recollect all the rules that are applied for in rapid succession, with the names of parties, and the specific directions of the court in each case? A clerk, to be competent for such a task, would require more eyes, and ears, and hands, and a better memory too, than nature has ordinarily supplied men with. The appellants' counsel states in his affidavit, that he had forgotten to enter the rule; and if he could not remember in his own case, and when, perhaps, it was the only rule he applied for, how can it reasonably be required of the clerk, to recollect and enter every rule moved for during a whole term; many, perhaps most of which, he does not even hear mentioned, either by court or counsel. In my opinion, the motion must be denied.

FORD, DAYTON, and NEVIUS, Justices, concurred.

WHITE, J. absent.

*Motion denied.*

CITED *in Thompson* v. *Pippitt,* 3 *Harr.* 178; *Ferguson* v. *Kays,* 1 *Zab.* 433; *Sinnickson* v. *Corwine,* 2 *Dutcher* 311.